UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MIODRAG PETKOVIC, | ) |
| | ) |
| Plaintiff, | ) Case No. 22-CV-06310 |
| | ) |
| v. | ) Judge Sharon Johnson Coleman |
| | ) |
| U.S. SMALL BUSINESS ADMINSITARTION, Office of Disaster Assistance, | ) ) ) |
| | ) |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Miodrag Petkovic filed a complaint against the U.S. Small Business Administration, Office of Disaster Assistance ("SBA"), alleging that the SBA failed to provide his business, Magmma Company, Inc. ("Magmma Company"), an "economic injury disaster loan" ("EIDL"). SBA moves to dismiss Petkovic's complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the following reasons, the Court grants SBA's motion to dismiss [14].

**Background**

The SBA can provide or guarantee EIDLs to small businesses with "substantial economic injury" resulting from an officially recognized disaster. 15 U.S.C. § 636(b)(2). In 2020, at the peak of the COVID-19 pandemic, the SBA received funding and enhanced authority from Congress through the Coronavirus AID, Relief, and Economic Security Act ("CARES Act"), Pub. L. 116-136, 134 Stat. 281 (2020), to issue EIDLs to small businesses that the pandemic financially harmed. That same year, Congress passed the Economic Aid Act, Pub. L. 116-260, 134 Stat. 1182 (2020), which provided additional relief to businesses and extended authority to the SBA to provide COVID-19 EIDLs until December 31, 2021. Congress also passed the American Rescue Plan Act

of 2021, providing $5 billion in funding for small businesses through the CARES Act. Pub. L. 117-2, 135 Stat. 4 (2021). On May 15, 2022, the COVID-19 EIDL program terminated, and its online portal closed the following day.

Petkovic is the owner of Magmma Company, a small business that applied for a COVID-19 EIDL numerous times between 2020 and 2022. Petkovic first applied for the loan, on behalf of his company, in December 2020. The SBA denied Magmma Company's application. Petkovic then filed for reconsideration and provided the application's required supportive tax documents. In January 2021, the SBA requested additional tax forms, which Petkovic provided promptly. Then the SBA requested additional information in September 2021 and April 2022. Petkovic timely responded with the additional information. Throughout this time, Petkovic's counsel followed up with the SBA numerous times on the status of the application. Petkovic alleges that in April 2022, the SBA notified him that it approved the application. SBA then asked for the same tax documents Petkovic previously submitted, and on May 12, 2022, the SBA notified Petkovic that it denied Magmma Company's application because it could not verify the business as "valid and eligible". The SBA informed Petkovic that he could re-apply within 6 months. When Petkovic sought to file a reconsideration request, on May 16, 2022, the SBA closed the application portal as the appropriation for the SBA COVID-19 EIDL program lapsed. Consequently, Petkovic brought this suit on November 11, 2022.

**Legal Standard**

To survive a motion to dismiss under Rule 12(b)(1), the plaintiff must show that the court has jurisdiction. Fed. R. Civ. Pro. 12(b)(1). Federal Rule of Civil Procedure 12(b)(1) provides for dismissal of a case on the basis of lack of subject matter jurisdiction. The question of standing to sue is a jurisdictional one. *See Persinger v. Sw. Credit Sys., L.P.*, 20 F.4th 1184, 1189 (7th Cir. 2021). The requirements of standing are: (1) an injury in fact; (2) causation; and (3) redressability. *See Gracia*

*v. SigmaTron Int'l, Inc.*, 986 F.3d 1058, 1064 (7th Cir. 2021). On a 12(b)(1) motion, "'[t]he district court may . . . view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Evers v. Astrue*, 536 F.3d 651, 656–57 (7th Cir. 2008) (quoting *Long v. Shorebank Dev. Corp.,* 182 F.3d 548, 554 (7th Cir.1999).

Further, when considering a Rule 12(b)(6) motion, the Court accepts all the plaintiff's allegations as true and views them in the light most favorable to the plaintiff. *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 632 (7th Cir. 2013). A complaint must contain allegations that "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). The plaintiff does not need to plead particularized facts, but the allegations in the complaint must be more than speculative. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).

**Discussion**

As an initial matter, the Court considers if Petkovic has standing to bring his claim. The SBA argues that Petkovic lacks standing because his complaint fails to allege he was directly injured or that his injury is redressable. Petkovic argues that he suffered an injury because Magmma Company did not receive the COVID-19 EIDL, i.e., not being able to pay wages, pay operating expenses, or earn a wage. Therefore, Petkovic alleges, his injury can be redressed by a favorable decision by the Court. Additionally, Petkovic claims even if he does not have standing, the Mandamus Act authorizes the Court to order the SBA to issue the EIDL loan it approved in April 2022 or compel SBA to process Magmma Company's application for reconsideration.

As a jurisdictional manner, to survive a 12(b)(1) motion, a plaintiff need allege the minimum basis for Article III standing. *See Rawoof v. Texor Petroleum Co.*, 521 F.3d 750, 756 (7th Cir. 2008). An indirect injury to a shareholder may satisfy the Article III injury prong. *See id.* (agreeing with the district court's decision that the plaintiff established the constitutional requirements of standing by

3

alleging they suffered an indirect harm as the sole shareholder of the injured company). Still, a court can raise a prudential-standing question, which is not jurisdictional, and analyze whether the plaintiff has properly asserted third-party standing. *See id.* at 757. The applicable prudential-standing issue in this case is the shareholder-standing rule, which provides "a shareholder generally cannot sue for indirect harm he suffers as a result of an injury to the corporation." *See id.*

Here, Magmma Company was the applicant for the COVID-19 EIDL and would have been the beneficiary of that COVID-19 EIDL, not Petkovic who is the only plaintiff bringing suit. Petkovic argues that because SBA failed to disburse the funds from the application it approved in April 2022 or allow the company to re-apply, he, an agent of the company, has not been able to earn wages, pay employees, or operate the company. Federal courts have previously analyzed and rejected Petkovic's argument for injury. *See Dini v. Guzman*, No. 22-CV-00511-KWR/GJF, 2023 WL 3790813, at *3 (D.N.M. June 2, 2023) (explaining that a plaintiff who fails to allege they were the applicant for an EIDL, either as an individual contractor or sole proprietor, cannot claim they were directly injured by the SBA denying their company an EIDL). Here, Magmma Company was directly injured by not receiving the loan because without the loan, the company could not remain in operation or pay its employees. Petkovic's alleged injury of not earning wages himself is an indirect consequence of Magmma Company's injuries. Like in *Dini,* Petkovic's claims do not derive from injuries on his behalf, but instead on the behalf of Magmma Company, which is not sufficient to assert third-party standing. Petkovic also fails to allege that he was a sole proprietor or an independent contractor. Further, Petkovic argues that he applied for the COVID-19 EIDL as Magmma Company's agent. However, "perfunctory and underdeveloped arguments are waived, as are arguments unsupported by legal authority." *Schaefer v. Universal Scaffolding & Equipment, LLC*, 839 F.3d 599, 607 (7th Cir. 2016). Because Petkovic fails to sufficiently explore his agency argument, he waves it.

Even if Petkovic could assert an injury, that injury would not be redressable. "It is a well-settled matter of constitutional law that when an appropriation has lapsed or has been fully obligated, federal courts cannot order the expenditure of funds that were covered by that appropriation." *City of Houston, Tex. v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1424 (D.C. Cir. 1994). However, courts may award appropriation funds after the lapse, if the plaintiff brings the claim "on or before that date." *West Va. Ass'n of Community Health Ctrs. v. Heckler,* 734 F.2d 1570, 1576 (D.C. Cir. 1984). Here, the parties agree that the COVID-19 EIDL appropriation lapsed on May 15, 2022. Consequently, the Court does not have authority to order SBA to disburse funds for the COVID-19 EIDL since they are exhausted. *See Mar. v. United States Small Bus. Admin.*, No. 4:22CV543 HEA, 2023 WL 355906, at *2 (E.D. Mo. Jan. 20, 2023) (concluding that the court could not grant the plaintiff relief since the EIDL is exhausted). Petkovic does not fall under the exception for a Court to award the lapsed fund since he filed this claim on November 11, 2022, well after the program lapsed. Even if the court compelled SBA to "accept" Magmma Company's new application, it would never receive the funds if SBA were to approve it for the reasons above. And so, the Court does not have subject matter jurisdiction.

Although Petkovic does not have standing, Petkovic claims the Court has subject matter jurisdiction through the Mandamus Act. According to 28 U.S.C. § 1361, "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Writ of mandamus provides "a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer,* 466 U.S. 602, 616, 104 S.Ct. 2013, 80 L.Ed. 2d 622 (1984). The plaintiff must meet three elements for a court to issue a writ: "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant to do the act in question; (3) no other adequate remedy available." *Ctr. for*

5

*Dermatology & Skin Cancer, Ltd. v. Burwell*, 770 F.3d 586, 589 (7th Cir. 2014) (citing *Burnett v. Bowen,* 830 F.2d 731, 739 (7th Cir.1987)).

The Court is not convinced that it can order writ of mandamus, as it is an "extraordinary remedy, reserved only for the most transparent violations of a clear duty to act." *Khan v. Bitter*, No. 22 C 6617, 2023 WL 6311561, at *3 (N.D. Ill. Sept. 28, 2023) ( Leinenweber, J.). Petkovic argues he has a clear "right to relief" of either receiving the funds from the COVID-19 EIDL SBA approved in April 2022 or being able to re-apply for the COVID-19 EIDL. Petkovic further asserts SBA has a duty to either disburse funds or process a new application, even though the appropriation lapsed, because Magmma Company was first approved and later denied after Petkovic provided the company's supportive tax documents. However, as the Court explained, the COVID-19 EIDL no longer exists, and Petkovic fails to cite case law which supports that a government agency has a duty to issue a loan or that an individual has a right to receive one. Specifically, 15 U.S.C.A. § 636(b) provides, as stated in Petkovic's response, "[SBA] may guarantee covered loans under the same terms, conditions, and processes as a loan made under [Section 7(a)]." However, what the SBA *may* do does not equate to an absolute duty. *See Biden v. Texas*, 142 S. Ct. 2528, 2541, 213 L. Ed. 2d 956 (2022). Petkovic fails to provide a basis for the right he asserts. Notably, it is clear to the Court that the SBA has discretion to issue COVID-19 EIDLs, especially when the EIDL program has lapsed. Therefore, the Court does not have authority to issue writ of mandamus.

It is unclear if Petkovic also asserts that he has a private right of action through the Mandamus Act. Nonetheless, because the Court lacks subject matter jurisdiction, there is no need for it to address if Petkovic has a private right of action or states a claim for relief.

6

**Conclusion**

      Based on the foregoing, the Court grants the SBA's Motion to Dismiss [14].

IT IS SO ORDERED.


Date: 11/14/2023

Entered: _____
SHARON JOHNSON COLEMAN
United States District Court Judge